UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JESSE Z. RUIZ, | |
| Plaintiff, | Case No. C18-1545-RSM-MAT |
| v. | |
| JEANNE YOUNGQUIST, *et al.*, | REPORT AND RECOMMENDATION |
| Defendants. | |

INTRODUCTION AND SUMMARY CONCLUSION

This is a *pro se* civil rights action proceeding under 42 U.S.C. § 1983. Plaintiff Jesse Ruiz has been granted leave to proceed with this action *in forma pauperis*. Service has not been ordered. This Court, having reviewed plaintiff's amended complaint, and the balance of the record, concludes that plaintiff has not stated any claim upon which relief may be granted in this action. This Court therefore recommends that plaintiff's amended complaint and this action be dismissed, without prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

BACKGROUND

Plaintiff submitted his original civil rights complaint to the Court for filing on October 18, 2018. (*See* Dkt. 1.) Though plaintiff's complaint was disorganized and somewhat difficult to understand, he appeared to allege that showers at the Skagit County Justice Center ("SCJC") were

REPORT AND RECOMMENDATION
PAGE - 1

not properly cleaned and sanitized, and that towels were not issued frequently enough, all in violation of his Eighth Amendment rights. (Dkt. 4 at 3.) Plaintiff also appeared to complain that the SCJC does not provide legal supplies to indigent inmates, that the failure to train prisoners on the SCJC's S-Phone system deprives prisoners of adequate access to the courts, that the SCJC's camera system is unconstitutionally intrusive, and that the SCJC denies prisoners dental floss thereby endangering prisoners' health. (*See id.*; Dkt. 4-1 at 1-7.) Plaintiff identified Skagit County Auditor Jeanne Youngquist and Skagit County Chief of Corrections Don Marlow as defendants in his complaint. (*See* Dkt. 4 at 2.) Plaintiff requested declaratory and injunctive relief, and damages. (*See id.* at 4.)

After reviewing plaintiff's complaint, this Court determined that the pleading was deficient in various respects and, thus, the Court issued an Order declining to serve plaintiff's complaint and granting him leave to amend. (Dkt. 5.) In that Order, the Court explained that plaintiff's pleading was generally deficient because it was disorganized, confusing, and insufficient to put defendants on notice of his claims and the grounds upon which they rested. (*Id.* at 3.) The Court noted that plaintiff failed to clearly connect his multitude of complaints about the SCJC to the named defendants, and failed to explain how he was harmed by any of the SCJC conditions of which he complained. (*Id.*)

The Court advised plaintiff that in order to proceed with this action he would have to provide greater specificity and clarity with respect to his claims, and ensure that his claims comported with the standards for claims brought under § 1983. (Dkt. 5 at 4.) More specifically, the Court advised plaintiff that with respect to each intended claim, he must: (1) identify the civil right he believed was violated; (2) set forth facts supporting each asserted claim, including dates, times, locations, and the names of the people involved; (3) describe exactly what each defendant

REPORT AND RECOMMENDATION
PAGE - 2

did or failed to do that caused his injury or violated his rights; and, (4) state with specificity the injury, harm, or damages he suffered as a result of the violation alleged in each claim. (Dkt. 5 at 4.)

On December 10, 2018, plaintiff filed an amended complaint. (Dkt. 6.) Plaintiff identifies the following claims in his amended pleading: (1) inadequate training on the SCJC's S-Phone system precludes access to the SCJC grievance process and to the law library, in violation of his First Amendment rights; (2) the denial of legal supplies to indigent inmates interferes with his right to meaningful access to the courts; (3) the lack of an inmate legal phone infringes his Sixth Amendment right to effective assistance of counsel in his pending criminal proceedings; (4) his inability to use the S-Phone system obstructs his access to health care providers; (5) the failure to clean showers and change towels on a daily basis is unsanitary and violates prisoners' Eighth Amendment rights; (6) cell cameras violate prisoners' privacy rights; (7) the housing of mentally ill inmates in the maximum custody unit is disruptive and creates unsanitary conditions; (8) the constant illumination of cells violates prisoners' Eighth Amendment rights; (9) the denial of dental floss violates prisoners' Eighth Amendment rights and, (10) defendants retaliated against him for exercising his free speech rights.[1] (*See* Dkt. 6 at 6-22.)

Plaintiff identifies Skagit County Auditor Jeanne Youngquist, Skagit County Commissioner Ken Dahlstedt, Skagit County Chief of Corrections Don Marlow, the Skagit County Jail, and Skagit County as defendants in his amended complaint. (Dkt. 6 at 1-2.) Plaintiff requests damages and declaratory relief. (*Id.* at 26.) Plaintiff's amended complaint, though slightly better

---

[1] Plaintiff's amended complaint also contains purported claims which he identifies as "Conspiracy," "RICO Act," and "Psychological Injuries." These claims are confusing and, in any event simply reference claims asserted elsewhere in his pleading, none of which is sufficient to state any viable ground for relief. Accordingly, the Court need not independently address these three claims.

REPORT AND RECOMMENDATION
PAGE - 3

organized than his original pleading, still fails to adequately allege a cause of action under § 1983 against the defendants named therein.

DISCUSSION

Rule 8(a) of the Federal Rules of Civil Procedure provides that in order for a pleading to state a claim for relief it must contain a short and plain statement of the grounds for the court's jurisdiction, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for the relief sought.  The statement of the claim must be sufficient to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be "enough to raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  In addition, a complaint must allege facts to state a claim for relief that is plausible on its face.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show (1) that he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) that the violation was proximately caused by a person acting under color of state or federal law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).  To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint.  *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

A defendant cannot be held liable solely on the basis of supervisory responsibility or position. *Monell v. Department of Social Servs., of City of New York*, 436 U.S. 658, 691–94 (1978). Rather, a plaintiff must allege that a defendant's own conduct violated the plaintiff's civil rights. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385–90 (1989).  "A supervisor is only liable for

REPORT AND RECOMMENDATION
PAGE - 4

constitutional violations of his subordinates if the supervisor participated in or directed the violations or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) (citing *Ybarra v. Reno Thunderbird Mobile Home Village*, 723 F.2d 675, 680-81 (9th Cir. 1984)).

A local government unit or municipality can be sued as a "person" under § 1983. *Monell*, 436 U.S. at 691. However, a municipality cannot be held liable under § 1983 solely because it employs a tortfeasor. *Id*. A plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal "policy" or "custom" that caused his or her injury, and must demonstrate that the municipality, through its deliberate conduct, was the "moving force" behind the injury alleged. *Bryan County Commissioners v. Brown*, 520 U.S. 397, 403-404 (1997) (citation omitted).

The Court first notes that plaintiff has not alleged in his amended pleading sufficient facts to demonstrate that any of the individual defendants personally participated in causing him harm of federal constitutional dimension. The Court further notes that plaintiff's claims of unlawful policies or customs, apparently alleged against the individual defendants in their official capacities, and against the SCJC and Skagit County, are conclusory in fashion and insufficient to state any viable claim for relief. The Court will briefly address plaintiff's constitutional claims, so far as the Court can understand them, and will note the specific deficiencies which preclude plaintiff from proceeding with those claims.

Plaintiff alleges that deficiencies in training related to the SCJC's S-Phone communication system have resulted in a denial of access to the SCJC grievance program. (Dkt. 6 at 6-7.) Under the First Amendment, a prisoner has both a right to meaningful access to the courts and a broader right to petition the government for redress of his grievances. *See Bradley v. Hall*, 64 F.3d 1276, 1279 (9th Cir.1995) (overruled on other grounds by *Shaw v. Murphy*, 532 U.S. 223, 230 n. 2, 121

REPORT AND RECOMMENDATION
PAGE - 5

S.Ct. 1475, 149 L.Ed.2d 420 (2001)).  In order to establish a First Amendment claim based on a denial of access to a prison grievance procedure, a plaintiff must prove that the actions complained of actually hindered his efforts to pursue a non-frivolous claim concerning his conviction or conditions of confinement.  *See Lewis v. Casey*, 518 U.S. 343, 354-55 (1996).  Plaintiff does not identify in his pleading any non-frivolous claim that he was unable to pursue because of the alleged deficiencies in the S-Phone system.  Rather, plaintiff alleges generally that the system is deficient because of inadequate training.  This conclusory allegation is insufficient to state a viable First Amendment claim.

Plaintiff alleges that deficiencies in the S-Phone system have also interfered with his ability to access the courts. (Dkt. 6 at 6-7.)  Plaintiff alleges as well that the denial of "civil legal supplies" has interfered with his ability to access the courts.  In *Bounds v. Smith*, 430 U.S. 817 (1977), the Supreme Court acknowledged that inmates have a constitutional right of meaningful access to the courts premised on the due process clause.  *Id*. at 821.  The Supreme Court subsequently made clear that in order to adequately allege a cause of action for deprivation of the right of access to the courts, a prisoner must demonstrate that he suffered some actual injury to his right of access.  *See Lewis*, 518 U.S. at 354-55.  Plaintiff fails to allege in his amended complaint any facts demonstrating that he has suffered an actual injury to his right of access attributable to any of the named defendants.  Plaintiff therefore has not stated a viable access to courts claim.

Plaintiff alleges that the absence of an inmate legal phone interferes with his ability to contact counsel in his criminal case and thereby infringes on his Sixth Amendment right to effective assistance of counsel. (Dkt. 6 at 8-9, 17-18.)  Federal courts will generally not intervene in a pending state court criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate.  *See Younger v. Harris*, 401 U.S. 37 (1971).

REPORT AND RECOMMENDATION
PAGE - 6

"[O]nly in the most unusual circumstances is a defendant entitled to have federal interposition by way of injunction or habeas corpus until after the jury comes in, judgment has been appealed from and the case concluded in the state courts." *Drury v. Cox*, 457 F.2d 764, 764-65 (9th Cir. 1972) (per curiam). *See also Carden v. Montana* 626 F.2d 82, 83-84 (9th Cir. 1980). Plaintiff's Sixth Amendment claim clearly relates to his ongoing criminal proceedings, but his amended pleading does not reveal any extraordinary circumstances which would appear to justify this Court's intervention in those proceedings. Any concerns plaintiff has regarding his access to counsel should be brought to the attention of the court presiding over his criminal proceedings.

Plaintiff makes a number of allegations in his amended complaint that implicate Eighth Amendment concerns. Plaintiff claims that (1) deficiencies in the S-Phone system obstruct his access to medical care, (2) unsanitary practices relating to showers, towels and mentally ill inmates expose all inmates to the risk of serious physical injury, (3) the constant illumination of cells constitutes torture and causes mental pain, headaches and insomnia, and (4) the denial of access to dental floss can lead to tooth and gum disease, and can cause bad breath. (*See* Dkt. 6 at 10-11, 14-15, 18-19.) Because the conditions plaintiff complains of appear to have occurred while he was a pretrial detainee at the SCJC, his rights derive from the Due Process Clause of the Fourteenth Amendment and not from the Eighth Amendment's prohibition against cruel and unusual punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979).

Claims alleging a due process violation for failure to provide adequate medical care or for failure to provide safe conditions of confinement are evaluated under an objective deliberate indifference standard. *See Castro v. County of Los Angeles*, 833 F.3d 1060 (9th Cir. 2016); *Gordon v. County of Orange*, 888 F.3d 1118 (9th Cir. 2018). The elements of such a claim are: "(i) the defendant made an intentional decision with respect to the conditions under which the plaintiff

was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries." *Gordon*, 888 F.3d at 1125 (citing *Castro*, 833 F.3d at 1071).

To the extent plaintiff claims that the S-Phone system has obstructed his access to medical care, he fails to state any viable claim for relief because he does not identify in his pleading any medical need that went unaddressed because of his inability to effectively use the S-Phone system. To the extent plaintiff alleges that the conditions under which he is confined place him at substantial risk of suffering serious harm, his allegations are largely conclusory and, more significantly, he fails to demonstrate that any of the named defendants, through their actions or inaction, caused him any actual injury. Plaintiff simply has not alleged sufficient facts to establish any viable due process claim arising out of the conditions of his confinement at the SCJC.

Plaintiff appears to allege that the video surveillance system at the jail violates inmates' constitutional rights. (Dkt. 6 at 12-13.) In particular, plaintiff complains that inmates who come into the jail without underwear, and are unable to afford to purchase underwear from the commissary, are subject to an invasion of privacy as a result of the constant video surveillance. (*See id*. at 12.) Plaintiff also complains that the cameras capture inmates masturbating which constitutes "voyeurism" and therefore violates "PREA" (the Prison Rape Elimination Act). (*See id*. at 12-13.)

While an incarcerated prisoner retains a limited right to bodily privacy under the Fourth Amendment, that right must yield to the penal institution's need to maintain security.

REPORT AND RECOMMENDATION
PAGE - 8

*Michenfelder v. Sumner*, 860 F.2d 328 (9th Cir. 1988).  Plaintiff does not allege any facts suggesting that the types of intrusions he cites in his pleading have impacted him directly, nor does he allege any facts demonstrating that any loss of bodily privacy is unreasonable or unjustifiable under the circumstances, or is not reasonably related to legitimate correctional objectives, such as "the close and continual surveillance of inmates and their cells [that is] required to insure institutional security and internal order." *Hudson v. Palmer*, 468 U.S. 517, 527-528 (1984).  Thus, plaintiff has not stated a viable claim for relief related to the SCJC video surveillance system.

Finally, plaintiff alleges that defendants retaliated against him for exercising his right to free speech.  (Dkt. 6 at 21-22.)  A viable claim of First Amendment retaliation in the prison context has five basic elements:

> (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal.

*Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  *See also Barnett v. Centoni*, 31 F.3d 813, 815–16 (9th Cir.1994) (per curiam).  The Court evaluates a retaliation claim in light of the deference accorded prison officials.  *Pratt v. Rowland,* 65 F.3d 802, 807 (9th Cir. 1995).

Though many of plaintiff's asserted claims lack clarity, plaintiff's retaliation claim is particularly difficult to comprehend.  Plaintiff references in this claim the destruction of electronic files which apparently contained grievances, and he appears to claim that the absence of these grievances interferes with his ability to access the courts.  Plaintiff also references in this claim the inmate account statements necessary to seek *in forma pauperis* status in civil rights cases filed in this Court, and he appears to suggest that they have been intentionally withheld by SCJC staff to hinder court access.  However, plaintiff fails to clearly explain how the alleged destruction of

electronic files or the alleged withholding of account statements impacted *his* ability to access the Courts.[2] More to the point, for purposes of this retaliation claim, plaintiff fails to allege facts demonstrating that any of the named defendants took any specific action against him based on his exercise of his First Amendment rights, or that such action chilled his exercise of his First Amendment rights. Plaintiff therefore has not stated a viable retaliation claim in his amended complaint.

## CONCLUSION

When a complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief, the Court may dismiss an *in forma pauperis* complaint before service of process under 28 U.S.C. § 1915(e)(2)(B). Because plaintiff failed to identify in his amended complaint any viable constitutional claim upon which relief could be granted in this civil rights action, this Court recommends that plaintiff's amended complaint and this action be dismissed, without prejudice, under § 1915(e)(2)(B)(ii). This Court further recommends that plaintiff's motion for preliminary injunctive relief, which plaintiff submitted in conjunction with his amended pleading, be stricken as moot. A proposed order accompanies this Report and Recommendation.

## OBJECTIONS

Objections to this Report and Recommendation, if any, should be filed with the Clerk and served upon all parties to this suit within **twenty-one (21)** days of the date on which this Report and Recommendation is signed. Failure to file objections within the specified time may affect your right to appeal. Objections should be noted for consideration on the District Judge's motion

---

[2] The Court notes that plaintiff managed to file an appropriate account statement in conjunction with the *in forma pauperis* application submitted in this case, and his application was granted. (*See* Dkts. 1, 3.)

calendar for the third Friday after they are filed. Responses to objections may be filed within **fourteen (14)** days after service of objections. If no timely objections are filed, the matter will be ready for consideration by the District Judge on **February 1, 2019**.

DATED this 10th day of January, 2019.

Mary Alice Theiler
United States Magistrate Judge

REPORT AND RECOMMENDATION
PAGE - 11